O

# United States District Court
# Central District of California

| | |
|---|---|
| IMELDA VASQUEZ, on behalf of herself, all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>FIRST STUDENT, INC.; FIRST STUDENT MANAGEMENT, LLC; DOES 1–100, inclusive,<br><br>        Defendants. | Case No. 2:14-CV-06760-ODW(Ex)<br><br>**ORDER DENYING MOTION TO REMAND [17]** |

## I.   INTRODUCTION

Plaintiff Imelda Vasquez moves to remand this action to Los Angeles County Superior Court for lack of subject-matter jurisdiction. (ECF No. 17.) Plaintiff argues that Defendant First Student, Inc. and First Student Management, LLC (collectively, "First Student") failed to establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's main argument is that First Student's Removal was untimely.  For the reasons discussed below, the Court finds that First Student's Removal meets the standards set forth by 28 U.S.C. § 1446.  Therefore, this Court **DENIES** Plaintiff's

1   Motion to Remand.[1]  (ECF No. 17.)

2   ## II.   FACTUAL BACKGROUND

3          Plaintiff is a citizen of California.  (Setareh Decl. Ex. C ¶ 7.)  Defendants are
4   incorporated in Delaware and have their principal place of business in Ohio.  (*Id*. at ¶
5   8-11.)  On March 7, 2013, Plaintiff filed her original class action complaint in Los
6   Angeles Superior Court, alleging causes of action for: (1) failure to pay minimum
7   wages for all hours worked based on allegations of "off-the-clock" work by class
8   members; (2) failure to provide accurate written wage statements based on failure to
9   pay for the alleged "off-the-clock" work; (3) failure to timely pay all final wages
10  based again on the alleged "off-the-clock" work; and (4) Unfair Competition (Cal.
11  Bus. & Prof. Code § 17200, et seq.) based on the alleged "off-the-clock" work.
12  (Setareh Decl. Ex. A, "Original Complaint.")  In the Original Complaint Plaintiff also
13  alleged that "the individual claims of the below-defined classes are under the $75,000
14  threshold for Federal diversity jurisdiction and the aggregate claim was under the
15  $5,000,000 threshold for Federal jurisdiction under the Class Action Fairness Act of
16  2005." (*Id*. ¶ 3.)

17         On April 5, 2013, Defendants removed the Original Complaint to this Court,
18  asserting that Plaintiff's claims for penalties under Plaintiff's second and third causes
19  of action surpassed the $5 million threshold for damages established by 28 U.S.C. §
20  1332(d)(2).  (Setareh Decl. Ex. C. ¶¶ 22-28.)  On April 15, 2013, this Court remanded
21  Plaintiff's Original Complaint back to state court, finding Defendants' calculations of
22  damages based thereon did not establish an amount in controversy that exceeded $5
23  million.  (Setareh Decl. Ex. D.)

24         On July 10, 2014, Plaintiff requested leave to file a first amended complaint.
25  Plaintiff sought to add two new causes of action: (1) rest period violations of various
26  California Labor Code sections, including Labor Code § 226.7; and (2) civil penalties

27

28  ---
    [1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court
    deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

pursuant to California Labor Code § 2628.  (Williams Decl. Ex. 37.)  Defendants opposed on July 18, 2014.  (Williams Decl. Ex. 38.)  The state court granted Plaintiff's motion to amend on July 31, 2014 and on August 7, 2014, Plaintiff filed her First Amended Complaint ("FAC").  (Williams Decl. Ex. 44.)

On August 28, 2014, Defendants filed their Notice of Removal and removed the First Amended Complaint to this Court.  (ECF No. 1.)  On October 6, 2014, Plaintiff filed her Motion to Remand.  (ECF No. 17.)  Defendants timely opposed and Plaintiff timely replied.  (ECF No. 22, 24.)  That Motion is now before the Court for decision.

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art.  III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction.  To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs.  28 U.S.C. § 1332(a).

## IV.   DISCUSSION

Defendants argue that this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") because (1) at least one member (if not all) of Plaintiff's putative class is a citizen of a state different from Defendants; (2) it is a class action filed on behalf of more than 100 putative class members; and (3) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.  (ECF No. 1 at ¶ 44.)  *See* U.S.C. § 1332(d).  Plaintiff does not contest jurisdiction based upon CAFA; rather Plaintiff argues Defendants fail to show that "the case stated by the initial pleading [was] not removable" as required by 28 U.S.C. § 1446(b)(3).  Alternatively, Plaintiffs argue that Defendants first ascertained that the instant action became removable more than thirty days prior to the filing of their Notice of Removal and thus are untimely.

### A.   Jurisdiction Under CAFA

This Court finds that Defendants have met their burden in establishing original jurisdiction under CAFA.  CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Plaintiff was a resident of the State of California at the time of filing Plaintiff's First Amended Complaint.  (Alicea Decl. ¶ 3.)  Defendants are incorporated under the laws of the State of Delaware and each have their principal place of business (*i.e.* headquarters) in Cincinnati, Ohio.  (ECF No. 1 ¶¶ 47-50.)  Therefore, Defendants are each citizens of Delaware and Ohio.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Since Plaintiff and Defendants do not share citizenship, this element of CAFA diversity jurisdiction is met.

CAFA also provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100."  28 U.S.C. § 1332(d)(5)(B).  CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action."  28 U.S.C. § 1332(d)(1)(D).  The proposed class in Plaintiff's First Amended Complaint is defined

as "[a]ll persons employed by Defendants in California as 'Drivers,' and/or other positions with similar job titles, descriptions, duties, and/or compensation arrangements, during the Relevant Time Period." (FAC ¶ 12.)  The "Relevant Time Period" is defined as "the time period beginning four years prior to the filing of this action until judgment is entered" (FAC ¶ 11), which Defendants argue encompasses at minimum the period from December 2010 to date.  (ECF No. 1 ¶ 54.)  Further, Defendants argue that First Student Management, LLC employed in excess of 4,800 employees who worked as Drivers in the State of California from December 4, 2010 to August 10, 2014, and therefore this action has been brought on behalf of a class of more than 100 individuals.  (*Id.* at ¶ 55.)  This Court agrees that the class size element of CAFA jurisdiction has been met.

Lastly, CAFA requires the "matter in controversy" to exceed "the sum of value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  "The claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount.  28 U.S.C. § 1332(d)(6).  Although Plaintiff attempts to cap the putative class' damages at less than $5 million, that allegation cannot defeat removal.  *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (holding that a plaintiff seeking to represent a putative class could not evade federal jurisdiction by stipulating that the amount in controversy fell below the jurisdictional minimum).  Therefore, this Court agrees with Defendants that Plaintiff's cap on the amount in controversy should be disregarded and the Court should apply the preponderance of the evidence standard with respect to the amount in controversy. (ECF No. 1 ¶ 61.)  *See Rodriquez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. This standard conforms with a defendant's burden of proof when the plaintiff does not plead a specific amount in controversy.").

1        The First Amended Complaint adds a Fourth Cause of Action for rest period

2   violations alleging that "at all relevant time during the applicable limitations period,

3   Defendants maintained a policy or practice of not providing Plaintiff and similarly

4   situated individuals with net rest periods of at least ten minutes for each four hour

5   work period, or major portion thereof, as required by the Wage Order."  (FAC ¶ 75.)

6   Plaintiff asserts that Defendants owe her and each putative class member a premium

7   equal to one hour of pay for each day when she and/or putative class members were

8   entitled to a rest break.  (FAC ¶ 75-78.)  Cal. Lab. Code § 226.7 (requiring one hour's

9   pay for each day an employee does not receive a compliant rest period).  Based upon

10   this allegation Defendants calculated an amount at issue of approximately $25 million

11   for Plaintiff's Rest Period Cause of Action.   (ECF No. 1 ¶ 66.)

12        To obtain this amount Defendants took the number of drivers (4,800) who

13   worked five or more hours in a workday during the relevant time period (December 4,

14   2010 to August 10, 2014) and determined these drivers worked a combined total of

15   1,425,000 workdays.  The average rate of pay for those drivers was $17.76 per hour.

16   (Alicea Decl. ¶ 5.)  Therefore, assuming one rest period violation per driver during the

17   relevant time period would total $25,308,000.00 (1,425,000 workdays X $17.76

18   average hourly wage).  (ECF No. 1 ¶ 66.)   This Court finds that this calculation meets

19   the preponderance of the evidence standard in determining that the amount of

20   controversy exceeds $5 million to meet the requirements of CAFA.  Further, even if

21   Defendants' calculations are overly ambitious, this amount does not take into account

22   Plaintiff's additional allegations.   The Court is confident that the $5 million

23   requirement is met when considering both Defendants' calculations pertaining to

24   Plaintiff's Rest Period Cause of Action and the additional allegations in the FAC.

25   Having met all the requirements for original jurisdiction under CAFA, the Court turns

26   to Plaintiff's arguments regarding timeliness.

27   / / /

28   / / /

**B.      The Initial Pleading Was Not Removable**

Plaintiff argues that Defendants fail to show that the Original Complaint was unable to be removed under 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days . . ."). (Mot. 3.)  According to Plaintiff, this Court never held that the Original Complaint as pleaded was not removable; rather this Court found that Defendants' problematic calculations in support of removal "did not suffice to invoke diversity jurisdiction." (*Id.*)  The Court disagrees with Plaintiff's characterization.  When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint. *Jackson v. Specialized Loan Servicing, LLC*, No. 2:14–CV-05981-MMM (PLAx), 2014 WL 5514142, at *8, (C.D. Cal. Oct. 31, 2014).  As a result, unless otherwise indicated, when defendants fail to show the minimum amount in controversy, as was the case here, courts must assume that the amount in controversy was, taking all allegations as true, below the requirement of $5 million.  *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Therefore, this Court's decision granting remand was based on the finding that the Original Complaint was not removable.  *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face.").

**C.      Defendant's Notice of Removal Was Timely**

Alternatively, Plaintiff argues that Defendants' Notice of Removal was untimely because the 30-day period set forth in 28 U.S.C. § 1446(b)(3) was triggered (1) on November 25, 2013, when Plaintiff requested in a case management statement that the state court's stay of Plaintiff's Original Complaint be lifted so that Plaintiff could amend her Original Complaint to add a cause of action for rest period violations; (2) on June 25, 2014, when Plaintiff again referenced her intent to amend

her Original Complaint at a status conference conducted by the state court that day, or (3) on July 10, 2014, when Plaintiff filed her motion for leave to amend her Original Complaint to add a cause of action for rest period violations.  (Mot. 17-21.)  However, this Court agrees with Defendants that the 30-day period to remove Plaintiff's FAC began on July 31, 2014, when the state court granted Plaintiff's motion to file her FAC.  (Opp'n 8.)

In general, a defendant must file a notice of removal within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b)(1). Alternatively, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one or which has become removable." *Id*. § 1446(b)(3).  In *Sullivan v Conway*, 157 F.3d 1092 (7th Cir. 1998), the Seventh Circuit adopted the majority rule that the 30-day period to remove set forth in 28 U.S.C. § 1446(b)(3) begins when the state court has allowed an amendment that provides federal jurisdiction, not on the date the plaintiff files a motion to amend the then-current complaint.  *Id*. at 1094.

The Ninth Circuit has not squarely addressed this issue, but district courts in the Circuit have applied the majority rule adopted in *Sullivan*.  *See, e.g., Sanchez v. Aerogroup Retail Holdings, Inc.*, No. 12-CV-05445, 2013 WL 1820841 (N.D. Cal. April 20, 2013); *Santiago v. Tri City Med. Ctr.*, No. 10-CV-1194, 2010 WL 4316959 (S.D. Cal. Oct. 25, 2010).

Further, as Defendants correctly point out, Plaintiff misrepresents the holding in *Lucente S.P.A. v. Apik Jewelry, Inc*., No. 07-CV-04005-MMM (RZx), 2007 WL 7209938 (C.D. Cal. Oct. 3, 2007) to support her proposition.  (Opp'n 9-10.)  *Lucente* explicitly adopted the majority view.  *Lucent S.P.A.*, 2007 WL 7209938, at *4 ("In the absence of controlling Ninth Circuit authority, the court concludes that the majority

view that the thirty-day removal period begins when the state court grants leave to amend is the approach most often followed by courts in this circuit, and that is most appropriately implements Congressional intent in enacting § 1446(b).").   Therefore because Defendant's 30-day window to remove began on July 31, 2014 when Plaintiff was granted leave to amend her Original Complaint, Defendants Notice of Removal was timely filed.

## V.   CONCLUSION

For the reasons discussed above, the Court finds subject-matter jurisdiction over this action under 28 U.S.C. § 1332.   Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.  (ECF No. 17.)

**IT IS SO ORDERED.**

December 3, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**